UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE

United States District Court
Southern District of Texas
FILED

JUL 1 9 2000

Michael N. Milby
Clerk of Court

UNITED STATES OF AMERICA,    §
             Respondent,   §
                   §
vs.                     §
                   §
                   §
LAWRENCE CLEVELAND MOSS,    §
             Petitioner.   §

CASE NO.   **B-00-110**

(D.C. NO. 1:99CR00014-001)

---

## 28 U.S.C. § 2255

---

BY

LAWRENCE CLEVELAND MOSS
#49839-019
BOX 15330
FORT WORTH, TEXAS 76119

AO 243 (Rev 5 85)

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District SOUTHERN DISTRICT OF TEXAS, BROWSVILL | |
|---|---|---|
| Name of Movant LAWRENCE CLEVELAND MOSS | Prisoner No 49839-019 | Case No. 1:99CR00014-001 |

B-00-110

Place of Confinement
**FMC FORT WORTH, TEXAS 76119**

UNITED STATES OF AMERICA    V.    **LAWRENCE CLEVELAND MOSS**
(name under which convicted)

## MOTION

1  Name and location of court which entered the judgment of conviction under attack ___SOUTHERN DISTRICT___

**OF TEXAS, BROWNSVILLE**

United States District Court
Southern District of Texas
FILED

2  Date of judgment of conviction ___JULY 29, 1999___

JUL 1 9 2000

3  Length of sentence ___49 MONTHS___

Micheal N. Milby
Clerk of Court

4  Nature of offense involved (all counts) ___21 U.S.C. §§ 841(b)(1)(B) and 18 U.S.C.___

**$2, POSSESSING WITH INTENT TO DISTRIBUTE MARIJUANA**

5  What was your plea? (Check one)
   (a) Not guilty    **X**
   (b) Guilty    ☐
   (c) Nolo contendere    ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details.

6  If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury    **X**☐
   (b) Judge only    ☐

7  Did you testify at the trial?
   Yes ☐  No **X**

8  Did you appeal from the judgment of conviction?
   Yes ☐  No **X**

(2)

AO 243 (Rev. 5/85)

9   If you did appeal, answer the following:

   (a) Name of court _____

   (b) Result _____

   (c) Date of result _____

10  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☐

11  If your answer to 10 was "yes," give the following information:

   (a)(1) Name of court _____

     (2) Nature of proceeding _____

     (3) Grounds raised _____

_____

_____

_____

_____

     (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

     (5) Result _____

     (6) Date of result _____

   (b) As to any second petition, application or motion give the same information.

     (1) Name of court _____

     (2) Nature of proceeding _____

_____

     (3) Grounds raised _____

_____

_____

_____

_____

AO 243 (Rev 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐ No ☐

(5) Result_____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
   (1) First petition, etc       Yes ☐ No ☐
   (2) Second petition, etc      Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12  State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION  If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief  You may raise any grounds which you have other than those listed  However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully

Do not check any of these listed grounds  If you select one or more of these grounds for relief, you must allege facts  The motion will be returned to you if you merely check (a) through (j) or any one of the grounds

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea
(b)  Conviction obtained by use of coerced confession

(4)

CMPDF - www.fdeie.com

AO 243 (Rev 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant
(g) Conviction obtained by a violation of the protection against double jeopardy
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled
(i) Denial of effective assistance of counsel
(j) Denial of right of appeal

A    Ground one    **ILLEGAL PERIOD OF SUPERVISED RELEASE**

**SEE:  MEMORANDUM OF LAW**

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

B    Ground two    **INEFFECTIVE COUNSEL FOR FAILURE TO FILE A NOTICE OF APPEAL.**

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

C    Ground three    _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

AO 243 (Rev 5/85)

D   Ground four _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13   If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them _____

**THE PETITIONER'S LAWYER DID NOT FILE A DIRECT APPEAL**

_____

_____

_____

14   Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing ___ **ROBERT PATRICK RODRIGUEZ**

___ **P.O. BOX 2155,   BROWNSVILLE, TX. 78522**

(b) At arraignment and plea ___ **SAME**

(c) At trial ___ **SAME**

(d) At sentencing ___ **SAME**

(6)

AO 243 (Rev. 5/85)

(e) On appeal _____ **N/A** _____

_____

(f) In any post-conviction proceeding _____ **PRO SE** _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_Lawrence C Moss_
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_7-14-00_
(date)

_Lawrence C Moss_
Signature of Movant _PROSE_

(7)

## MEMORANDUM OF LAW

### 1. STATEMENT OF THE CASE:

The Petitioner was charged in a one count indictment on January 1999 in Brownsville, Texas. The indictment alleged a violation of 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(B), possessing with intent to distribute marijuana.

On April 24, 1998, the DPS received information that a blue Peterbilt truck was a possible drug courier; the DPS, therefore, set up surveillance at the Silver Spur Truck Stop in Phban, Texas the surveillance revealed several vehicle interacting with the Peterbilt. The vehicle and the Peterbilt were followed to a ranck house in Palm View Texas. The surveillance was continued. The Peterbilt was then observed speeding, and a traffic stop was then made at San Juan, Texas. The driver was the Petitioner. The Petitioner was issued a speeding violation. The officer then requested permission for a consent to search the truck. The Petitioner agreed and signed a consent to search form. The officer searched the truck and found marijuana mixed with the load of onions. The Petitioner was then arrested.

Subsequent to trial the Petitioner was found guilty on April 15, 1999.

The Petitioner was sentenced on July 29, 1999 to a period of incarceration of 49 months and 8 years supervised release.

### II. LEGAL ARGUMENT

#### A. THE PETITIONER WAS ILLEGALLY SENTENCED TO EIGHT YEARS (8) SUPERVISED RELEASE.

The Presentence Report at 49 stated the statutory Provision

**(1)**

of 21 U.S.C. § 841 (b)(1)(B) required a term of at least four
(4) years supervised release.  At 50, the Presentence Report
stated the Guideline Provision provide for a term of supervised
release of four (4) to five (5) years.  U.S.S.G. § 5D1.2
(a)(1) and (b).

The court sentenced the Petitioner to eight years supervised
release.

Section 3583 (d) of Title 18 of the U.S. Code gives a
district court "broad discretion" to order conditions of supervised
release following a term of imprisonment.  See: **United States
v Bee**, 162 F.3d 1232, 1234 (9th Cir. 1998) cert. denied, ____
U.S._____, 119 S.Ct. 1509, 143 L.Ed.2d 661 (1999).  While
the conditions can be viewed in parts; controlling supervision
and length of supervision.  The length of supervision is controlled
by statute.  See: 18 U.S.C. § 3553.  This must be consistent
with any   pertinent policy statement issued by the Sentencing
Commission pursuant to 28 U.S.C. §994 (a).  See: 18 U.S.C.
§ 3583 (d).

The meaning of statutory language, plain or not, depends
on context.  **Holloway v United States**, 526 U.S. 1, 119 S.Ct.
966, 970, 143 L.Ed.2d 1 (1999).  Context in this regard  relates
to "the design of the statute  as a whole and its object and
policy."  **Goylon-Peretz v United States**, 498 U.S. 395, 407
111 S.Ct. 152, 158, 110 S.Ct. 997, 108 L.Ed.2d 132 (1990).
See:  **United States v Hendricks**, 171 F.3d 1184 (8th Cir. 1999).

In 1984 Congress enacted §§ 3563 (b) and 3583 (d) as
part  of the Sentencing Reform Act of 1984 (the Act), set
forth in Title II of the Comprehensive Crime Control Act

(2)

of 1984.  See: Sentencing Reform Act of 1984, Ch. 5 227-228,
Pub. L. 98-473, Title II, 98 stat, 1993 (1984) (codified as
amended 18 U.S.C. §§ 3551-3742 (1997). See also S. Rep. 98-225,
71- 371 (reporting the recommendation of the Senate Committee
on the judiciary concerning passage of the Act.)  The Act
gave sentencing courts the authority to imposed discretionary
condition of supervised release following imprisonment under
§ 3583 (d).  See: Id. at  172,  86,  231- 38.  Condition of
supervised release re:  the term of supervision are statutory
controlled and may not involve punishment  or incarceration.
See: 18 U.S.C. § 3583 (d).  See: **United States v Bahe**, 201
F.3d. 1124 (9th Cir. 2000).

 The statute is then interpreted by Sentencing Guideline,
U.S.S.G. 5D1.2 which provides in pertinent fact:

> (a) Subject to Subsection (b), if a term of supervised
> release is ordered, the length of the term
> shall be:
>> (1)  at least three years but not more than
>> five years for a defendant convicted
>> of a class A or B felony...
>
> (b)  Except as otherwise provided,  the term of supervised
> release imposed shall not be less then an statutory
> required term of supervised release.

 The Sentencing Guideline are, of course binding  on
federal district courts. See: **Koon v United States**, 518 U.S.
81, 92, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).  See: U.S.S.G.
§ 5D1.2 comment (N.1), (other term of supervised release shall
be determined under subsection (a)" (Emphasis added).  The
PreSentence Report indicated the term of supervised release
pursuant to the guidelines and statute was five (5) years.

While 21 U.S.C. § 841 (b)(1)(A) could provide for a ten (10)
period of supervised release   The Petitioner was not charged
under that statute.   Further, the enhanced supervised release
of 21 U.S.C. § 841 (b)(1)(A) requires an information to be
filed of the enhanced sentence pursuant to 21 U.S.C. § 851
(a).  See: **United States v Noland**,  95 F.2d. 529, 531 (5th
Cir. 1974).  (Compliance with a statute is necessary).

Section 21 U.S.C. § 851 (a)(1) provides:  "no person...shall
be sentenced to increased punishment...under...".  This refers
to the information that must be filed prior to sentencing.
See: **United States v Belanger**, 970 F.2d 416, 418 (7th Cir.
1997), **United States v Williams**, 8994   2d. 1526, 1529 (6th
Cir. 1990); **Prow v United States**, 199 F.3d. 37 (1st Cir. 1999).
See: **United States v Levay**, 76 F.3d 671 674, N.4 (5th Cir.
1996)(holding that failure by the prosecution to file a section
851 (a)(1) information on time  "prevents",  "preclude[s],"
"bars[s[" a sentence enhancement).

### B. <u>COUNSEL DID NOT FILE A NOTICE OF APPEAL AND WAS INEFFECTIVE</u>

The Petitioner did inform, request counsel to file a
Notice of Appeal.  Failure to do so is per se ineffective
assistance of counsel.  See: **Roe v Flores-Ortega**, 528 U.S.
_____, 145 L.Ed.2d 985, 120 S.Ct._____, February 23, 2000).

### <u>CONCLUSION</u>

The sentence, ie.  supervised release period must be
amended and    the first appeal right restored.

**(4)**