

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 4 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Respondent, | § | |
| | § | |
| vs. | § | C.R. NO. B-99-014 |
| | § | |
| LAWRENCE CLEVELAND MOSS | § | |
|     Petitioner. | § | |
| (C.A. NO. B-00-110) ✓ | § | |

## RESPONSE AND MOTION TO ORDER HEARING ON MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 IN PART, AND MOTION TO REFORM THE JUDGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, "the government" files this response and motion to reform the judgement and for hearing under 28 U.S.C. § 2255 filed by Lawrence Cleveland Moss, "Moss", and in support thereof would respectfully show the court the following:

I.

## JURISDICTION

A.    Procedural history.

Moss was indicted in the United States District Court for the Southern District of Texas on January 19, 1999. In the indictment, Moss was charged with possession

with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), and 841)b)(1)(B) (DOC 1)[1]. On April 15, 1999, Moss was convicted by a jury of the charge for which he was indicted (PSR. 2). The district judge ordered the preparation of a pre-sentence investigation report (PSR), and set the case for sentencing.

The court imposed Moss's sentence on July 16, 1999 (PSR.). With a total offense level of 28 and a criminal history score that placed him in category III, the applicable imprisonment range under the Sentencing Guidelines was 97 to 121 months (PSR. 46). The government filed a motion for reduction of sentence prior to sentencing (DOC. 70). The district court granted the motion and sentenced Moss to 49 month term of confinement that was to be followed by an eight year term of supervised release. The court ordered Moss to pay the mandatory assessment of $100 (DOC 74). The amended judgement was entered on July 28, 1999 (DOC. 74).

Moss did not appeal his sentence.

Moss timely filed his motion for relief under 28 U.S.C. § 2255, Civil Action No. B-00-110, on July 19, 2000 (DOC 74).

---

[1]The first number in the DOCument cite relates to the number given the document in the criminal docket sheet. The second number within the DOC cite relates to the page number of the document. PSR is the presentence investigation report. PSR.Add. Refers to the addendum to the PSR.

ClibPDF - www.fastio.com

B.      Basis of jurisdiction

Moss invoked this court's jurisdiction under 28 U.S.C. § 2255. In his petition he complains that his right to appeal be restored on the grounds his trial counsel rendered constitutionally infirm assistance by failing to file notice of appeal as directed; and that his sentence of eight years supervised release be amended as it presently represents an illegal sentence.

This court is properly vested with jurisdiction under 28 U.S.C. § 2255 for Moss' claims of ineffective assistance of counsel and 'illegal sentence'.

II.

FACTS UNDERLYING
THE CONVICTION AND SENTENCE

A.      Indictment and statutory range of punishment.

The offense for which Moss was indicted, possession with intent to distribute a controlled substance in violation of 21 U.S.C. §841(a)(1) & §841(b)(1)(B) is punishable, absent statutory enhancement, with five years minimum and 40 years maximum imprisonment to be followed by a minimum four year term of supervised release (21 U.S.C. 841(b)(1)(B)). The maximum term of supervised release is determined by the sentencing classification of the offense. The crime of conviction is a class B felony by virtue of its maximum term of imprisonment (40 years) being

3

in excess of 25 years (18 U.S.C. 3559).  As a class B felony, the maximum term of supervised release is five years (18 U.S.C. 3583(b)).  *United States v. Kelly*, 974 F.2d 22, 24 (5th Cir. 1992).  So that the minimum term of supervised release, as provided by 21 U.S.C. §841(b)(1)(B), is four years and the maximum term of supervised release, as provided by 18 U.S.C. §3559 & 3583(b), is five years.

Although the assessed term of eight years of supervised release is possible under 21 U.S.C. §841(b)(1)(B).  Such term is limited to cases in which notice of statutory enhancement has been filed pursuant to 21 U.S.C. §851.  No such notice was filed in this case.

B.      Sentencing: July 16, 1999.

On July 16, 1999, Moss' sentencing hearing was held. The district court reviewed the government's motion for reduction of sentence on the record.  The government's motion for reduction cited, as one of the reasons for the recommended reduction, Moss' "willingness to waive his appeal" (DOC. 70).  At sentencing, the district court questioned Moss regarding his agreement to waive his appeal.  Moss confirmed that he was waiving his right to appeal (Docket entry 71).  The district court then granted the government's motion for reduction and sentenced Moss to 49 months imprisonment to be followed by an eight year term of supervised release (Docket entry 71; DOC. 74).

4

# IV.

## MOTION TO REFORM JUDGEMENT & FOR HEARING

A.    Moss's factual claims and ground for relief.

    1.    Ineffective assistance

Moss raises the complaint of ineffective assistance of counsel.  He proceeds from the proposition that he directed his attorney to file notice of direct appeal and his attorney failed to do so.  His trial attorney, citing attorney/client privilege, has declined to provide an affidavit regarding the matter.  Although the record belies Moss' claims, as Moss agreed to waive his right to appeal pursuant to the government's motion for reduction, and confirmed such waiver under oath at his sentencing, prudence would dictate an evidentiary hearing on the matter.  *United States v. Giacomel*, 153 F.3d 257, 258 (5th Cir. 1998).

    2.    Illegal sentence

Finally, he contests his sentence of eight years supervised release as being beyond the applicable maximum range of supervised release and which therefore represents an illegal sentence.  The government agrees.  *United States v. Gracia*, 983 F.2d 625, 630 (5th Cir. 1993),  *United States v. Kelly,* 974 F.2d 22, 24 (5th Cir. 1992), *United States v. Neely*, 979 F.2d 1522, 1523 (11th Cir.1992), *United States v. Auman*, 67 F.3d 157, 161 (8th Cir. 1995).

However, judicial economy would dictate that this error may be corrected by modifying or reforming the judgement to reflect a four year term of supervised release, the statutory minimum. *Gracia*, 983 F.2d at 630, *United States v. Hernandez-Guevara*, 162 F.3d 863, 878 (5th Cir. 1998).

B.    <u>Legal principles guiding resolution of the ineffective assistance claim.</u>

Ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard: "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega*, _ U.S. _, 120 S.Ct. 1029, 1034 (2000). To succeed on such a claim, a petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *Id*. at 688, 104 S.Ct. at 1064. The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *United States v. Samples,* 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

Although "ineffective assistance" claims under *Strickland* typically require the petitioner to demonstrate prejudice as a result of counsel's deficiency, in the context

6

of Moss' claim, the only prejudice required is the loss of the right to appeal. *Rodriguez v. United States*, 89 S.Ct. 1715, 1717 (1969).

Here, the record demonstrates Moss waived his right to appeal as part of his cooperation agreement with the government.   If the final record reveals that Moss did not direct his trial counsel to file notice of appeal, Moss' claim fails on this point.  If the court concludes Moss did direct his trial counsel to file notice of appeal within the time period provided , Moss' right to appeal should be reinstated.  *United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999), *United States v. Gipson*, 985 F.2d 212, 216 (5th Cir. 1993).

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate.  28 U.S.C. § 2255 (foll.), Rule 8(a).  *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983).  The need for an evidentiary hearing depends upon an assessment of the record.  If the district court cannot resolve the allegations without examining evidence beyond the record, it must hold a hearing.  If the record is adequate to fairly dispose of the allegations, the court need inquire no further.  *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

The government prays that the court hold an evidentiary hearing on whether Moss directed his attorney to file notice of appeal.

ClibPDF - www.fastio.com

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

By: _____

Mark M. Dowd
Assistant United States Attorney
TX Bar No. 06070500
SD Tex ID No.  9314
600 E. Harrison, # 201
Brownsville, TX 78520
(9563) 548-2554

8

ClibPDF - www.fastio.com

# CERTIFICATE OF SERVICE

I, Mark M. Dowd, do hereby certify that a copy of the foregoing

Respondent's Motion to Dismiss Motion to Vacate Sentence has been mailed on this

the 23rd day of October, 2000, via certified mail, return receipt requested to

Mr. Lawrence Cleveland Moss
Reg. No. 49839-019
P.O. Box 15330
Fort Worth, Texas, 76119

Mark M. Dowd
Assistant United States Attorney

9