10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 10 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| LAWRENCE CLEVELAND MOSS | § § § | |
| v. | § § | CIVIL ACTION NO. B-00-110 (CRIMINAL NO. B-99-014) |
| UNITED STATES OF AMERICA | § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Pursuant to 28 U.S.C. § 2255, an evidentiary hearing was held in this Court on December 13, 2000, to hear the two § 2255 claims of Petitioner Lawrence Cleveland Moss. At this hearing the Government suggested that the Court reduce the Petitioner's sentence because it improperly exceeded the statutory maximum range of supervised release applicable to his case. In recognition of the validity of Petitioner's illegal sentence claim, the Government recommended that this Court amend Petitioner's judgment by reducing his eight-year supervised release sentence to the statutory minimum sentence of four years. The Court, having reviewed Petitioner's file, agreed that Petitioner's sentence should be reduced to a four-year period of supervised release.

No evidence was produced, however, to support Petitioner's ineffectiveness of counsel claim. Specifically, Petitioner's claim that his trial counsel was ineffective for failing to file a notice of appeal was contradicted by Petitioner's own statement to the sentencing court that he wished to waive his appeal.[1] During the evidentiary hearing, Petitioner acknowledged that (1) he had wanted to forgo his appeal in exchange for the recommendation, (2) he had benefitted from that recommendation, and (3) that he had understood that the Government's recommendation was contingent upon his waiving his right to appeal. Thus, because Petitioner failed to produce any facts to support his claim that he had actually wanted to appeal his conviction, the Court found that Petitioner's ineffectiveness of counsel claim lacked merit.

---

[1] Pleading No. 71.

1

## RECOMMENDATION

For the above-stated reasons, it is recommended that Petitioner's sentence be reformed by reducing his eight-year period of supervised release to a four-year period of supervised release in accordance with the Government's Motion to Reform the Judgment.[2] Secondly, it is recommended that Petitioner's ineffective counsel claim be denied for lack of merit. A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this 8th day of January, 2001.

Felix Recio
United States Magistrate Judge

---

[2] Pleading No. 77.